**Emmett J. JAFARI, Appellant,**

v.

**DEPARTMENT OF THE NAVY, United States of America, Appellee.**

No. 83–1629.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 8, 1983.

Decided Feb. 7, 1984.

Rehearing Denied March 26, 1984.

---

Stephen Vieira, Richmond, Va., for appellant.

Ronald R. Winfrey, Lieutenant Commander JAGC, USN, Washington, D.C. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., Debra J. Prillaman, Asst. U.S. Atty., Richmond, Va., on brief), for appellee.

Before PHILLIPS and SPROUSE, Circuit Judges, and WALTER E. HOFFMAN, United States Senior District Judge, sitting by designation.

JAMES DICKSON PHILLIPS, Circuit Judge:

This is an appeal from an order of the district court granting summary judgment for the defendant Department of the Navy in an action against the Department by a military reservist who claimed a violation of his rights under the federal Privacy Act of 1974. We affirm.

## I

There is no dispute as to the facts of this case. The plaintiff-appellant, Emmett J. Jafari, enlisted in the United States Marine Corps Reserve for a six year term in December 1978. On or about September 8, 1980, Mr. Dennis Weed, representing himself to be an agent of Jafari's civilian employer, Southern Railways Company, requested from Jafari's Reserve organization information regarding Jafari's attendance at various reserve drills and a two-week training program. A Captain John R. Murphy provided Mr. Weed with the requested information by consulting Jafari's Individual Drill Attendance and Retirement Transaction Card. The information contained on the card related only to Jafari as it was the normal practice to maintain such a card on each member of the Reserve.

Initially, Captain Murphy made an oral disclosure of the information to Mr. Weed, but subsequently reduced the information to writing. The information disclosed was later confirmed, in writing, by Jafari's commanding officer.

Jafari filed a complaint pursuant to 5 U.S.C. § 552a(g)(1)(D). Alleging that the defendant had released to Jafari's private employer information concerning Jafari's non-attendance at reserve drills and a two-week training program in violation of the Privacy Act of 1974, 5 U.S.C. § 552a, and 32 C.F.R. § 701.1, Subpart A, et seq., Jafari sought monetary and injunctive relief.

On cross-motions for summary judgment, the district court granted defendant's motion and denied Jafari's. This appeal followed.

## II

This appeal turns on application of interrelated provisions of the Freedom of Information Act (FOIA) and the Privacy Act of 1974.

The relevant provision of the Privacy Act, 5 U.S.C. § 552a(b), forbids agency disclosure of any "record . . . contained in a system of records" without request by or consent of the subject of the record "unless disclosure . . . would be—(2) required under section 552 [of the FOIA]."

The relevant cross-referred FOIA provisions are § 552(a)(3) and (6) and § 552(b)(6). Section 552(a)(3) generally requires the disclosure "to any person" of agency "records" properly requested by that person. But § 552(b)(6) then exempts, *inter alia,* from this general disclosure requirement "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." And § 552(a)(6) requires, in a provision undoubtedly intended mainly, if not wholly, for the benefit of the person requesting information, that upon any request made for records, the agency shall "determine . . . whether to comply" within a specified period.

Jafari argued below and here that the disclosure of information from the agency records of his attendance or non-attendance at reservist drills, not having been requested or consented to by him, and not having properly been determined by its custodian to be disclosable, violated the relevant Privacy Act provision, § 552a(b), and cross-referenced FOIA provision, § 552(a)(6), and entitles him to relief. The Navy Department contended below and here that disclosure was authorized under the circumstances, without Jafari's request or consent, because, per 5 U.S.C. § 552(b)(6), the information, though contained in a "personnel file" was properly determined by its custodian, in compliance with § 552(a)(6), not to be of a type whose disclosure "would constitute a clearly unwarranted invasion of personal privacy."

The district court agreed with the Navy's position, drawing specifically upon an agency interpretive regulation, 32 C.F.R. § 701.107(b)(2) (1982), which included "duty status" among items of information properly disclosable under §§ 552(a) and 552(b)(6) construed *in pari materia.* The district court accepted the Navy's interpretation that drill attendance information fell within the "duty status" category. We also agree with the Navy's general position, but prefer to rest decision on a basis that does not depend upon the interpretive regulation and the district court's application of its "duty status" category to the information here disclosed. We hold instead that under §§ 552(a) and 552(b)(6), the custodian of records here properly determined that, under the specific facts of the case, disclosure of the information requested, though from "personnel files" related to Jafari, would not constitute a "clearly unwarranted invasion of personal privacy."

The only information released concerned Jafari's absence from reserve drills and training programs and the dates of such absences. No information was released relating to the official nature of those absences, nor to any reasons that may have been assigned for them by Jafari. Moreover, the person requesting the information positively identified himself as an agent of Jafari's civilian employer. Civilian employers are required to grant leaves of absence whenev-

er an employee is required to perform active or inactive reserve duty training. *See* 38 U.S.C. § 2024(d). The corporate employer's interest in the information here disclosed transcended any purely private concerns of the employer or of Jafari and involved the employer's own legal obligations to the government agency involved.

On the basis of these facts, we believe that the information released might properly be determined by its government custodian to be "nonconfidential matter ... not to be insulated from disclosure ...." *Department of the Air Force v. Rose,* 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976). Moreover, we conclude that the custodian of the information, Captain Murphy, impliedly and properly made a determination, prior to disclosure, that no clearly unwarranted invasion of personal privacy would result, thereby satisfying any requirement for such a determination that might be thought imposed by § 552a(b) for the benefit of the subjects of disclosed information such as Jafari, a matter on which we express no opinion.

AFFIRMED.